IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID K. TOMPKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-27-D-BR |
| | § | |
| AMARILLO COLLEGE, | § | |
| | § | |
| Defendant. | § | |

**ORDER TO SUBMIT JOINT PROPOSED SCHEDULING ORDER
AND SETTING RULE 16 SCHEDULING CONFERENCE**

**\* Joint Proposed Scheduling Order Due Date:  May 6, 2019 \***
**\* Rule 16 Scheduling Conference:  May 9, 2019 @ 11 a.m. \***

This order is entered to facilitate entry of a Scheduling Order pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Northern District's Civil Justice Expense and Delay Reduction Plan (the "Plan").  This order also contains preliminary information intended to help the parties comply with applicable rules and procedures.  The Federal Rules of Civil Procedure and the local civil rules in effect on the date of this order, together with amendments to these rules that take effect while this case is pending, apply to this case.

I.   DUE DATE FOR JOINT PROPOSED SCHEDULING ORDER

If this case is not settled or otherwise resolved **before May 6, 2019**, the "Joint Proposed Scheduling Order Due Date," then the parties must submit a Joint Proposed Scheduling Order that contains the matters set out in Section V. below.  Because of the Court's Rule 16(b)(2) deadline for issuing a Scheduling Order, any request for an extension of the Joint Proposed Scheduling Order Due Date must be made by written motion and be supported by good cause.  **Joint Proposed Scheduling Orders must be filed with the Clerk's Office.**

II.   INITIAL DISCLOSURE REQUIREMENTS
AND OBJECTION PROCEDURE

The initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) apply to this case unless Rule 26(a)(1)(B) exempts disclosure or the parties stipulate otherwise.  If, during the Rule 26(f) conference process, a party objects that initial disclosures are not appropriate and states the objection in the Joint Proposed Scheduling Order, *see* Rule 26(a)(1)(C), the party must file a

separate letter with the proposed order that alerts the Court to the fact that the objection has been made.

### III. RULE 26(f) DISCOVERY PLANNING CONFERENCE

No later than four (4) business days before the Joint Proposed Scheduling Order Due Date, lead counsel for each party (or a designee attorney with appropriate authority), and/or any parties proceeding pro se, shall meaningfully confer on each of the matters specified in Rule 26(f)(2) and this order. The Rule 26(f) conference may be conducted in person, telephonically, by email, fax or mail, or by other means that will successfully result in a Joint Proposed Scheduling Order and accomplish the conference requirement.

### IV. MOTIONS FILED PRIOR TO REMOVAL OR TRANSFER

**If this case has been either removed to federal court or transferred from another federal district or division**, and the parties filed *any* motions either in state court prior to removal or in another federal court prior to transfer to this Court, and those motions were not ruled on by either the state or other federal court, then *it is the responsibility of the parties to re-urge any pending motion with this Court*. The Clerk of the Northern District is *not* responsible for docketing pending motions when cases are removed. If parties do not re-urge any pending motions, this Court will not consider those motions.

### V. CONTENTS OF JOINT PROPOSED SCHEDULING ORDER

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. The parties shall submit their proposals in the form of a pleading rather than as an order for the Court to sign. The Court will enter its own Scheduling Order after the Rule 16 Scheduling Conference is completed. If a party fails to participate in the proposal process, the Court will enter a Scheduling Order without that party's proposals.

    A.    *Required Contents*.

The Joint Proposed Scheduling Order **must** contain:

1. a brief statement of the nature of the case, including the contentions of the parties;

2. any challenge to jurisdiction or venue;

3. a statement as to the likelihood that other parties will be joined;

4. proposed time deadlines:

    a. to join other parties;
    b. for parties seeking affirmative relief to designate expert witnesses;
    c. for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2);
    d. for parties opposing affirmative relief to designate expert witnesses;
    e. for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2);
    f. for all parties to designate rebuttal expert witnesses;
    g. to object to experts (*i.e., Daubert* and similar motions);
    h. to amend the pleadings;
    i. to complete discovery;
    j. to file dispositive motions, including motions for summary judgment;
    k. to file all other motions except motions in limine; and
    l. for filing Rule 26(a)(3) disclosures.

5. the parties' views and proposals on each of the matters listed in Rule 26(f)(3)(A)-(F), listed under six separate subheadings corresponding with the above-listed subsections of Rule 26;

6. under separate headings, the parties shall include:

    a. a statement as to whether <u>all</u> the parties consent to either:

        i. have the Magistrate Judge conduct <u>all</u> proceedings in this case, including jury or nonjury trial and entry of judgment, pursuant to 28 U.S.C. § 636(c); <u>or</u>

        ii. have the Magistrate Judge conduct <u>all</u> pretrial proceedings in this case including finally determining case dispositive motions (rather than issuing findings and/or conclusions of law and recommendations) while still reserving their right to trial in front of a District Judge.

    Unless all parties consent to one of the above options, the statement need not identify the parties who do not consent;

    b. the current status of settlement negotiations, and a statement as to whether and when it is advisable to refer the case for alternative dispute resolution (*see* Plan § III) or conduct a court-supervised settlement conference;

    c. a "**proposed trial date**" <u>if</u> the parties have consented to the Magistrate Judge conducting <u>all</u> proceedings in this matter per paragraph 6.a.i. above. If the parties have not so consented, then a "**ready for trial date**" the District Judge may consider as instructive <u>when setting this case for trial on his/her docket</u>. Under this heading, also provide an estimate of the number of trial days and indicate whether a jury has been demanded;

    d. if a party is required under N.D. Tex. Civ. R. 83.10(a) to have local counsel, the date local counsel entered an appearance or that the party moved for leave to proceed without local counsel; and

    e. the date a certificate of interested persons required under N.D. Tex. Civ. R. 3.1(c), 3.2(e), 7.4, or 81.1(a)(3)(D) was filed by a party or the party adopted another party's certificate of interested persons.

  B. *Permitted Contents.*

The Joint Proposed Scheduling Order **may** contain:

1. proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e)(1);

2. proposed modifications of the extent of discovery otherwise permitted under the Rules;

3. proposals for disclosure, discovery, or preservation of electronically stored information;

4. any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Fed. R. Evid. 502;

5. a proposed procedure for requiring that, before moving for an order relating to discovery, the movant must request a conference with the Magistrate Judge;

6. proposed dates for any pretrial conferences, if needed, for a final pretrial conference, and for trial, keeping in mind that if the parties have not consented to referral to the Magistrate Judge per paragraph 6.a. above, then the undersigned cannot set the dates referenced in this paragraph; nevertheless, those proposed dates will still be useful to the District Judge in determining a trial schedule for the case; and

7. proposals pertaining to any other appropriate matters.

## VI. RULE 16 SCHEDULING CONFERENCE

An initial pretrial and scheduling conference will be held before the undersigned on **May 9, 2019 at 11 a.m.** in the Third Floor Courtroom of the Mary Lou Robinson United States Courthouse, 205 S.E. 5th Ave., Amarillo, Texas. The Rule 16 Scheduling Conference will address the matters listed in V.A. and B. above and set forth in the parties' Joint Proposed Scheduling Order.

Any pro se party must attend this conference in person. Each represented party shall have at least one attorney admitted to and in good standing with the Northern District of Texas present **in person** at the scheduling conference. If a party has retained local counsel, then local counsel is

permitted to attend the scheduling conference in person instead of lead counsel, with lead counsel also attending by telephone, if desired. *See* Local Civil Rule 83.10, Requirement of Local Counsel. Counsel for each party who appears at the scheduling conference must have (a) *full* knowledge of the case and (b) authority to bind the client. Provided that at least one attorney and admitted to and in good standing with the Northern District of Texas is present in person at the scheduling conference, the Court will allow telephone participation at the conference by other counsel, so long as such request is made in writing to the Court's law clerk via email (directed to Caitlin_montgomery@txnd.uscourts.gov) at least one week in advance of the conference date. The law clerk will respond to the email with further instructions.

Because of the Court's Rule 16(b)(2) deadline for issuing a Scheduling Order, any request for an extension of the Rule 16 Scheduling Conference must be made by written motion and be supported by good cause.

After the scheduling conference, the Court will enter a Scheduling Order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Without filing a motion, the parties may agree to the extension of any date in the Scheduling Order except for the dispositive motion deadline. However, the Court will not give effect to any extensions agreed upon without the necessity of a motion unless the parties file with the Court prompt written notice confirming the existence of the extension.

IT IS SO ORDERED.

ENTERED April 10, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE